Cox & Co. ET AL. *v.* UNITED STATES

No. 7445.—Invoices dated Stoke on Trent, England, March 31, 1942, etc.
Certified April 11, 1942, etc.
Entered at New York, N. Y., May 21, 1942, etc.
Entry Nos. 751118; 756459; 739723.

(Decided November 20, 1947)

*Barnes, Richardson & Colburn (Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto: .
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

ROHNER, GEHRIG & Co., INC. *v.* UNITED STATES

No. 7446.—Invoices dated Birmingham, England, October 1942, etc.
Certified October 1942, etc.
Entered at New York, N. Y., January 11, 1943, etc.
Entry Nos. 716625; 718644.

(Decided November 20, 1947)

*Barnes, Richardson & Colburn (Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.